IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DONALD BRYANT GORE, JR. and ROSE SPRAU GORE,<br><br>Plaintiffs,<br><br>v.<br><br>TOOELE CITY POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:25-cv-530-HCN-DAO<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiffs Donald Bryant Gore, Jr. and Rose Sprau Gore bring this civil rights action under 42 U.S.C. § 1983 and move for a temporary restraining order. *See* Dkt. No. 4.[1] The court denies the Plaintiffs' motion.

I.

The Plaintiffs are residents of Tooele County whose three children were removed from their custody in August 2023 by the Tooele City Police and the Utah Division of Child and Family Services. *See* Dkt. No. 1 ¶ 1. The State of Utah then instituted child welfare proceedings. *See* Dkt. No. 1-13. On August 31, 2023, the Third District Juvenile Court for Tooele County held a shelter hearing in *State of Utah ex rel. WG, AG, & CG*, Case Nos. 1166910–12. *See id.* at 1–2.

---

[1] The Plaintiffs attach to their complaint a document styled as a "Supplement To Complaint." Dkt. No. 1-1. The second-to-last page of that filing bears the caption "COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF." Dkt. No. 1-1 at 5. There, the Plaintiffs describe their three children, A.R.G., W.H.G., and C.G., as additional plaintiffs "by and through [each's] parents and next friends Donald and Rose Gore," and list a slightly different set of defendants in the action. *See id.* (adding the State of Utah as a party and omitting Diana Obray and Alexandra Kieth). For the purposes of this motion, the court understands the document filed as a "COMPLAINT," *see* Dkt. No. 1, to govern where discrepancies exist. No part of this ruling, however, rests on this point.

1

The court found "that there is a substantial danger to the physical health or safety of the children and that the children cannot be protected without removal." *Id.* at 2. The court accordingly concluded that the childrens' "[r]emoval was reasonable" and ordered that they be "placed in the temporary custody of the Division of Child and Family Services." *Id.* at 2.

On October 25, 2023, the juvenile court held a hearing on an amended petition filed by the Division on which the "parties represented that an agreement had been reached." Dkt. No. 1-14 at 1. The Plaintiffs appeared at that hearing with new counsel. *See id.* at 1–2. Shortly after that hearing, the court issued an order on the petition, concluding that the children had been "severely neglected" by both parents and that "[c]ustody and guardianship of" the children with the Division was "appropriate and necessary." *Id.* at 9. On January 6, 2024, the juvenile court issued an "Order for No Reunification," concluding that the best interests of the children required that they be kept with their foster parents. *See* Dkt. No. 1-15 at 4. The court described "[t]he current goal" as "custody and guardianship with a relative." *Id.* At the most recent state hearing evidenced in the Plaintiffs' exhibits, the juvenile court received an update from the State and heard argument from one of the Plaintiffs' attorneys regarding the Plaintiffs' request for additional visitation time. *See* Dkt. No. 1-14 at 11. At that hearing, held on May 8, 2025, the court scheduled another hearing for June 26, 2025. *See id.* at 11–12.

The Plaintiffs assert various constitutional and statutory claims: violation of substantive due process rights, violation of the state-created danger doctrine, failure to protect from known danger, retaliation and coercion, unlawful seizure of children under the Fourth and Fourteenth Amendments, and conspiracy under color of law. *See* Dkt. No. 1 at 5–6. They seek declaratory and injunctive relief in addition to compensatory and punitive damages and fees. *See id.* at 6.

## II.

"Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'" *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Such relief is "the exception rather than the rule" and will be granted only if "the movant's right to relief [is] clear and unequivocal." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (cleaned up). A party seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Johnson v. Bowles*, 2022 WL 4109687, at *2 (D. Utah Sept. 8, 2022). "[E]ach of these elements is a prerequisite for obtaining" preliminary injunctive relief. *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).

### III.

Although the Plaintiffs do not specify what preliminary injunctive relief they seek, the court gathers from the motion and the complaint that they seek an order "requiring immediate steps to reunify the family." Dkt. No. 1 at 6. The court concludes that Plaintiffs have failed to show a likelihood of success on the merits because *Younger* abstention likely compels dismissal of this action.

In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court held that when a party raises a federal constitutional challenge to a pending state criminal prosecution, principles of federalism and comity require a federal court to abstain from staying or enjoining the state proceeding absent special circumstances." *Utah Div. of Consumer Prot. v. Stevens*, 2020 WL 109626, at *2 (D. Utah Jan. 9, 2020). Although *Younger* involved state criminal proceedings, the

Supreme Court subsequently extended the doctrine to civil enforcement proceedings "akin to a criminal prosecution" in "important respects," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (internal quotation marks omitted), such as child custody proceedings, *see Moore v. Sims*, 442 U.S. 415, 423 (1979). And the doctrine is no longer "limited to cases where a litigant seeks to stay or enjoin pending proceedings." *Stevens*, 2020 WL 109626, at *2. To the contrary, "*Younger* governs whenever the requested relief would *interfere* with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (emphasis added).

*Younger* abstention thus precludes federal courts from exercising jurisdiction where "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)). The court concludes that all three prongs are satisfied.

First, the Plaintiffs are parties to a state civil enforcement proceeding concerning the custody of their children. *See* Dkt. Nos. 1-13, 1-14, 1-15. Based on the Plaintiffs' complaint and the dates of the attached orders, it is evident that the state proceeding is ongoing. *See* Dkt. No. 1-14 at 11–13; *cf.* Dkt. No. 1 ¶¶ 19, 23–24, 50–53.

With respect to the second prong, the "burden is on the federal plaintiff to show that state procedural law bars presentation of his claims." 17B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 4252 (3d ed. 2008) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

"[U]nless state law *clearly* bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court." *Winn*, 945 F.3d at 1258 (internal quotation marks omitted; emphasis added). Here, the court has no reason to think state law prevents the assertion of the Plaintiffs' claims in the juvenile court. Although the Plaintiffs do not appear to have raised the arguments detailed in their complaint at any point in the state court proceedings, *compare* Dkt. No. 1, *with* Dkt. Nos. 1-13, 1-14, 1-15, there is no indication in the record or in the cited provisions of Utah law that the Plaintiffs would be barred from doing so. Indeed, to the extent the Plaintiffs' federal claims center on alleged procedural skullduggery by the Division, the state court holds a decided advantage in observing and resolving such issues.

It is of course possible that the juvenile court lacks authority to hear Plaintiffs' federal causes of action or to award money damages. But even if state court procedures "provide only a limited opportunity for relief," "the fact that state-writ relief may be limited does not change the *Younger* analysis." *Winn*, 945 F.3d at 1258. In all events, the juvenile court assuredly does have authority to consider the facts alleged in the Plaintiffs' complaint and, if warranted, to grant the relief sought in this motion—custody of the Plaintiffs' children. That it has declined to do so does not mean it cannot do so. And "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Id*.

As for the final prong, there can be no doubt that "[f]amily relations are a traditional area of state concern," *Moore*, 442 U.S. at 435, and, more specifically, that "adoption and child custody proceedings are an especially delicate subject of state policy," *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).

To be sure, *Younger* does not preclude jurisdiction in "special circumstances"—that is, "in those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitution prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Moore*, 442 U.S. at 424 (internal quotation marks omitted). After reviewing the complaint, the attached evidence, and Plaintiffs' pending motions, the court cannot say that the Plaintiffs have convincingly shown that any of these "special circumstances" are present here.

\* \* \*

For the foregoing reasons, Docket Number 4, Plaintiffs' Motion for a Temporary Restraining Order is **DENIED**. In light of that ruling, Docket Number 5, Motion for Extradited Hearing is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of July, 2025.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge