UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DONALD BRYANT GORE JR.; and ROSE SPRAU GORE,<br><br>Plaintiffs,<br><br>v.<br><br>TOOELE CITY POLICE DEPARTMENT; SILKE HARPER; GREGORY NAGEL; DIANA OBRAY; ALEXANDRA KIETH; and JOHN DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING (1) PLAINTIFFS' MOTION TO PRESERVE EVIDENCE AND FOR PROTECTIVE ORDER (DOC. NO. 6) AND (2) PLAINTIFFS' MOTION FOR PROTECTIVE ANTI-RETALIATION ORDER (DOC. NO. 7)**<br><br>Case No. 2:25-cv-00530<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Donald Bryant Gore, Jr. and Rose Sprau Gore filed this action asserting several claims related to the custody of their minor children.[1] The factual basis of the Gores' complaint is described in the court's order denying the Gores' motion for a temporary restraining order.[2] The Gores have filed two motions seeking protective orders and related relief.[3] First, the Gores filed a "Motion to Preserve Evidence and for Protective Order," asking the court to order Defendants to preserve evidence that may be relevant to this litigation.[4] Second, the Gores filed a "Motion for

---

[1] (*See generally* Compl., Doc. No. 1.)

[2] (*See* Mem. Decision and Order Den. Mot. for TRO 1–2, Doc. No. 20.)

[3] (*See* Pls.' Mot. to Preserve Evid. and for Protective Order, Doc. No. 6; Pls.' Mot for Protective Anti-Retaliation Order, Doc. No. 7.)

[4] (Pls.' Mot. to Preserve Evid. and for Protective Order 1–2, Doc. No. 6.)

Protective Anti-Retaliation Order," requesting an order "prohibiting Defendants and their agents, employees, or representatives from taking any retaliatory action against Plaintiffs, including: initiating new custody proceedings[;] interfering with visitation or communication[;] engaging in harassment, intimidation, or surveillance[;] retaliating through law enforcement actions."[5] The Gores also request the court "require Defendants to provide written notice to the Court of any proposed enforcement actions against Plaintiffs during the pendency of this litigation, prior to taking any such action."[6] Because the Gores fail to establish good cause for a protective order, their motions are denied.

## ANALYSIS

Rule 26(c) of the Federal Rules of Civil Procedure provides the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[7] The moving party bears the burden of establishing good cause and must show a "clearly defined and serious injury" will result if the protective order is not issued.[8] Conclusory statements are insufficient to show good cause.[9]

---

[5] (Pls.' Mot for Protective Anti-Retaliation Order 1, Doc. No. 7 (citation modified).)

[6] (*Id.*)

[7] Fed. R. Civ. P. 26(c)(1).

[8] *Exum v. U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

[9] *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

The Gores have not shown good cause for either protective order they seek. As to their request for an order to preserve evidence, "a litigant has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation."[10] The Gores do not explain why an order to preserve evidence is necessary where a duty to preserve already exists. As to the Gores' request for an anti-retaliation order, the Gores have failed to show a "clearly defined and serious injury" will result if the protective order is not issued.[11] Although the Gores identify some injuries they may suffer if Defendants retaliate against them, the Gores have not established such injuries are likely to result in the absence of a protective order.[12]

---

[10] *Sause v. Louisburg*, No. 15-cv-9633, 2016 U.S. Dist. LEXIS 55930, at *2–3 (D. Kan. Apr. 26, 2016) (unpublished) (citation modified).

[11] *See Exum*, 209 F.R.D. at 206.

[12] *See also Klesch & Co.*, 217 F.R.D. at 524 (noting conclusory statements that an injury may occur do not establish good cause).

## CONCLUSION

Because the Gores fail to establish good cause for a protective order, their "Motion to Preserve Evidence and for Protective Order"[13] and "Motion for Protective Anti-Retaliation Order"[14] are denied.

DATED this 9th day of July, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[13] (Doc. No. 6.)

[14] (Doc. No. 7.)