UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DONALD BRYANT GORE JR.; and ROSE SPRAU GORE,<br><br>Plaintiffs,<br><br>v.<br><br>TOOELE CITY POLICE DEPARTMENT; SILKE HARPER; GREGORY NAGEL; DIANA OBRAY; ALEXANDRIA KEITH; and JOHN DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. NO. 59) AND DENYING MOTIONS AS MOOT (DOC. NOS. 22, 25, 40, 44, 45, 46, 48, 60, 61, 74, & 124)**<br><br>Case No. 2:25-cv-00530<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Donald and Rose Gore, proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against the Tooele City Police Department, Silke Harper and Gregory Nagel (two employees of the Division of Child and Family Services (DCFS)), Diana Obray (a guardian ad litem), Alexandria Keith (an Assistant Utah Attorney General), and various unidentified defendants.[1] The Gores have since filed more than forty motions for various forms of relief, including three motions to amend their complaint to add DCFS, Judge Elizabeth M. Knight, and Detective Lizzeth Lopez as defendants.[2]

---

[1] (Compl., Doc. No. 1.)  Ms. Keith's first and last name were incorrectly spelled in the caption of the complaint.

[2] (Mot. to Am. Compl., Doc. No. 22; Mot. for Leave to File Redacted Am. Compl., Doc. No. 48; Mot. for Leave to File Am. Compl., Doc. No. 59.)  Before their most recent

Two sets of defendants have moved to dismiss the original complaint for lack of jurisdiction and failure to state a claim (in separate motions),[3] and they have also separately opposed the Gores' motions to amend.[4] Because the defendants moved to dismiss the original complaint while the Gores' motion to amend was pending, the parties have intermixed arguments relating to current defendants and claims with unnamed defendants and proposed claims, resulting in a briefing quagmire. This leaves the Gores, who are proceeding without the help of an attorney, in an untenable position. At this early state of the case, there is no basis to deny leave to amend. And permitting amendment would better allow the court to address the merits of the Gores' claims. Accordingly, the Gores' most recent motion for leave to amend[5] is granted. As noted below, various other motions impacted by this ruling are denied as moot.

## PROCEDURAL BACKGROUND

In their complaint, the Gores assert various constitutional and statutory claims under § 1983 relating to an ongoing child welfare proceeding in state court.[6] The Gores

---

motion to amend, the Gores filed five motions to add new claims and allegations. (Mot. to Add Civil Conspiracy Claim, Doc. No. 25; Mot. to Clarify Prayer for Declaratory Relief, Doc. No. 40; Mot. to Clarify Official Capacity Status of Defs. Harper, Nagel, & Lopez, Doc. No. 44; Mot. to Substitute Proper Municipal Def., Doc. No. 45; Mot. to Clarify and Suppl. Compl., Doc. No. 46.)

[3] (Mot. to Dismiss (State Defs.' Mot. to Dismiss), Doc. No. 68; Mot. to Dismiss (Tooele Def.'s Mot. to Dismiss), Doc. No. 89.)

[4] (Tooele Def.'s Opp'n to Mots. to Am. Compl. (Tooele Def.'s Opp'n), Doc. No. 90; State Defs.' Opp'n to Mots. to Am. Compl. (State Defs.' Opp'n), Doc. No. 93.)

[5] (Mot. for Leave to File Am. Compl., Doc. No. 59.)

[6] (Compl., Doc. No. 1.)

name the Tooele Police Department, Ms. Keith, Ms. Obray, Ms. Harper, and Mr. Nagel as defendants.[7] Less than three weeks after the Gores filed their complaint, they moved to amend it.[8] In their proposed amended complaint, the Gores seek to add several new claims and allegations.[9] They also seek to add defendants; specifically, DCFS, Judge Knight, and Detective Lopez from the Tooele Police Department.[10]

Ten days after the Gores filed a motion to amend their complaint—and while the motion remained pending—Ms. Keith, Ms. Harper, Mr. Nagel, and Ms. Obray (the State Defendants) moved to dismiss the original complaint.[11] The State Defendants argue the court must abstain from exercising jurisdiction under *Younger v. Harris*[12] because the state child-welfare proceedings are ongoing.[13] The State Defendants also contend the Gores fail to state a claim against them in their official capacities because they are not "persons" under § 1983, and the Gores fail to state a claim against them in their individual capacities because they have quasi-judicial or qualified immunity.[14] Although the Gores named neither Judge Knight nor DCFS in their original complaint, the State

---

[7] (*Id.* at 1.)

[8] (Mot. for Leave to File Am. Compl., Doc. No. 59.)

[9] (Ex. 1 to Mot. for Leave to File Am. Compl. (Prop. Am. Compl.) 19, Doc. No. 59-1.)

[10] (*Id.* at 1.)

[11] (State Defs.' Mot. to Dismiss, Doc. No. 68.)

[12] 401 U.S. 37 (1971).

[13] (State Defs.' Mot. to Dismiss 10–17, Doc. No. 68.)

[14] (*Id.* at 17–23.)

Defendants address potential claims against them in the dismissal motion. Specifically, the State Defendants argue DCFS and Judge Knight are not "persons" subject to suit under § 1983 and Judge Knight is immune from suit.[15] A week after filing their motion to dismiss, the State Defendants filed an opposition to the Gores' motion for leave to amend their complaint.[16] In their opposition, the State Defendants incorporate arguments from their motion to dismiss and add new ones.[17]

Like the State Defendants, less than two weeks after the Gores filed a motion to amend their complaint, the Tooele City Police Department moved to dismiss the original complaint.[18] The Tooele City Police Department's motion similarly argues that *Younger* bars jurisdiction and that the Gores fail to state a claim against the department.[19] In addition, although the Gores did not name Detective Lopez in the original complaint, the police department argues she has qualified immunity and the Gores fail to state a claim against her.[20] Concurrently with its motion to dismiss, the Tooele City Police Department filed an opposition to the Gores' motion to amend.[21] In its opposition, the

---

[15] (*Id.* at 24–26.)

[16] (State Defs.' Opp'n, Doc. No. 93.)

[17] (*Id.* at 5 n.14.)

[18] (Tooele Def.'s Mot. to Dismiss, Doc. No. 89.)

[19] (*Id.* at 4–7.)

[20] (*Id.* at 8–12.)

[21] (Tooele Def.'s Opp'n, Doc. No. 90.)

police department argues the proposed amended complaint does not cure the original complaint's defects—as discussed in the department's motion to dismiss.[22]

The Gores then consolidated their replies in support of their motions for leave to amend their complaint with their respective oppositions to the two pending motions to dismiss.[23]

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[24] "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[25] Rule 15 instructs courts to "freely give leave when justice so requires."[26] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[27] Prejudice to the

---

[22] (*Id.* at 1–2.)

[23] (Pls.' Consolidated Reply for Leave to Am. Compl. & Opp'n to State Defs.' Mot. to Dismiss, Doc. No. 96; Pls.' Consolidated Reply for Leave to Am. Compl. & Opp'n to Tooele Def.'s Mot. to Dismiss, Doc. No. 98.)

[24] Fed. R. Civ. P. 15(a)(2).

[25] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[26] Fed. R. Civ. P. 15(a)(2).

[27] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

opposing party is the most important factor in deciding whether to allow leave to amend.[28]

Although futility alone is a sufficient basis to deny leave to amend,[29] courts may decline to conduct a futility analysis in the context of a motion to amend if the arguments would be more properly addressed in dispositive motions.[30] Particularly where futility arguments duplicate arguments which could be raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse."[31] "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."[32]

Because the Gores proceed without an attorney (pro se), their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by

---

[28] *Minter*, 451 F.3d at 1207.

[29] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[30] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility argument based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

[31] *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished) (citation omitted), *R. & R. adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017) (unpublished).

[32] *Id.* (citation omitted).

lawyers."[33] Still, pro se plaintiffs must follow the same rules of procedure governing other litigants.[34]

## ANALYSIS

Leave to amend is justified. The defendants' futility arguments would be more properly addressed in the context of a motion to dismiss the proposed amended complaint—as shown by the intermixed briefing they filed. And other factors—including the Gores' unrepresented status, and the timeliness of their motion to amend—support granting the motion.

First, as the procedural background shows, conducting a futility analysis is not appropriate at this juncture. In their motions to dismiss, the defendants address current claims and named defendants along with proposed claims and yet-to-be-named defendants. And in their oppositions to the Gores' motion to amend their complaint, the defendants refer back to their motions to dismiss in addition to raising new arguments. This leaves the Gores in an untenable position—unable to even know what argument relates to which motion. And the muddled record impairs the court's ability to cleanly analyze the issues.

For example, in the proposed amended complaint, the Gores seek to add defendants—DCFS, Judge Knight, and Detective Lopez. The State Defendants

---

[33] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[34] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

contend Judge Knight is immune from personal liability under § 1983.[35] And the Tooele Police Department contends Detective Lopez has qualified immunity.[36] But it would be improper to deny the Gores leave to amend on the grounds of futility where the defendants assert immunity defenses on behalf of individuals not yet named in this case. After all, "an affirmative defense . . . must be raised by the party alleging it."[37] In addition, the proposed amended complaint contains new allegations and claims—which means the defendants raise new, substantive arguments in opposition such as the *Ex parte Young* doctrine and state statutory immunity. Addressing those arguments and issues in the context of a motion to amend "place[s] the cart before the horse."[38]

---

[35] (State Defs.' Mot. to Dismiss 25–26, Doc. No. 68; State Defs.' Opp'n 5 n.14, Doc. No. 93 (incorporating immunity arguments in motion to dismiss as grounds for denying leave to amend as futile).)

[36] (Tooele Def.'s Mot. to Dismiss 10–12, Doc. No. 89; Tooele Def.'s Opp'n 1–2, Doc. No. 90 (similarly arguing futility based on qualified immunity argument raised in motion to dismiss).)

[37] *See Gagan v. Norton*, 35 F.3d 1473, 1477 (10th Cir. 1994) (holding district court erred in denying pro se plaintiff leave to amend his complaint to add court reporters as defendants because, although the court reporters could avail themselves of qualified immunity, that affirmative defense could not be raised prior to joinder); *Brown v. Montoya*, 45 F. Supp. 3d 1294, 1298 (D.N.M. 2014) ("The Court cannot make a finding that amending the complaint as to these three individuals would be futile on qualified-immunity grounds unless and until they are added as party Defendants to this action and then they can raise the qualified immunity defense themselves."). Although the *Gagan* court addressed qualified immunity, the same rationale presumably applies to judicial and quasi-judicial immunity defenses raised in opposition to a motion for leave to amend on behalf of individuals not yet joined as defendants in the case. *See Gagan*, 35 F.3d at 1476 (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993)); *cf. Antoine*, 508 U.S. at 432 ("The proponent of a claim to absolute [judicial] immunity bears the burden of establishing the justification for such immunity.").

[38] *Obeslo*, 2017 U.S. Dist. LEXIS 223891, at *10 (citation omitted).

Second, other factors favor granting leave to amend. As an initial matter, the Gores are proceeding without the help of an attorney. Accordingly, they are held to less stringent standards and given more leniency, so long as they adhere to the rules and legal standards. And leave to amend is to be freely given. The Gores filed their most recent motion for leave to amend only seventeen days after filing the original complaint, which shows no undue delay.[39] At this early stage, the defendants will not be unduly prejudiced. Indeed, the defendants have already entangled arguments related to the proposed amended complaint into their motions to dismiss, meaning they have largely analyzed the proposed amended complaint. There is also no indication of bad faith or dilatory motive by the Gores. And, importantly, the Gores, as pro se parties, have not yet been allowed to amend their complaint. For these reasons, justice requires granting leave to amend.

## CONCLUSION

The Gores' most recent motion for leave to amend their complaint[40] is granted. And the Gores' pending motions which are impacted by the ruling are denied as moot. Specifically, the Gores' prior motions to amend and to add claims and allegations,[41] the

---

[39] (*See* Doc. Nos. 1 & 59.) Notably, Rule 15 permits "a party to amend its pleading as a matter of course no later than . . . 21 days after serving" the original pleading. Fed. R. Civ. P. 15(a)(1)(A). As the Gores' previous attempt to file an amended complaint as a matter of course was appropriately stricken (Doc. No. 38), they arguably did not need to move for leave to file their proposed amended complaint.

[40] (Doc. No. 59.)

[41] (Doc. Nos. 22, 25, 40, 44, 45, 46, & 48.)

motions to accept summons for the amended complaint,[42] and the motions to file a supplemental opposition and sur-reply to the prior motions to dismiss[43] are denied as moot. Further, the court ORDERS as follows:

    1.    Contemporaneously with this order, the clerk will re-docket the proposed amended complaint (previously filed at docket number 59-1) separately on the docket as the Amended Complaint. This Amended Complaint is now the operative complaint in this action.

    2.    Defendants shall have twenty-one days from the date of this order to answer or move to dismiss the Amended Complaint.

    3.    The Gores are advised that, if a motion to dismiss is filed, any opposition is due within twenty-eight days.[44]

DATED this 23rd day of October, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[42] (Doc. Nos. 60 & 61.)

[43] (Doc. No. 74 & 124.)

[44] *See* DUCivR 7-1(a)(4)(A). The District of Utah's Local Civil Rules are available on the court's website at https://www.utd.uscourts.gov/rules-practice.